IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| BAYON DEJESUS HUDSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CASE NO. 5:13-CV-343-MTT-MSH |
| | : | 42 U.S.C. § 1983 |
| CAPTAIN KEVIN DAVIS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER

Plaintiff Bayon Hudson has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, while he confined at Macon State Prison. Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on his submissions, the undersigned finds that Plaintiff is currently unable to pre-pay the entire filing fee. Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 2) is thus **GRANTED**.

This does not mean that the filing fee is waived. Plaintiff is still required to eventually pay the full amount of the $350.00 filing fee using the payment plan described in 28 U.S.C. § 1915(b). The filing fee is not refundable, regardless of the outcome of Plaintiff's case, and Plaintiff is responsible for paying the entire filing fee even if his lawsuit is dismissed prior to service.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial

screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by

attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

In his complaint, Plaintiff sues Macon State Prison Captain Kevin Davis, Officer L. Fowler, Officer M. Clark, and Sargent Charles, claiming that the Defendants deprived him of his personal property. Plaintiff contends that he continually asked for the return of his property, but it was never received. Plaintiff has not stated what that property was, however, or how he has been damaged y the failure to return said property.

For these reasons, Plaintiff is now **ORDERED** to supplement his Complaint with

a list of the individuals and actions that allegedly violated his constitutional rights. Plaintiff's supplement must clearly identify, by name if possible, each individual that Plaintiff has a claim against and wishes to include as a defendant in the present lawsuit. Plaintiff must then explain exactly how each individual violated his constitutional rights and describe any injury he has suffered as result of their actions.  If Plaintiff fails to link a named defendant to a claim, the claim will be dismissed; likewise, if the Complaint fails to make allegations against a named defendant, that defendant will be dismissed.

Plaintiff has **TWENTY-ONE DAYS (21) DAYS** from the date shown on this Order to file his supplement.  <u>Failure to comply with this Order may result in the dismissal of Plaintiff's Complaint</u>.  If, in light of the facts necessary to support a claim, Plaintiff decides that he no longer wishes to go forward with this action, he shall notify the Court and may thereby avoid incurring this Court's $350 filing fee (for which Plaintiff will otherwise be liable even if this Court dismisses his claims prior to service).

There shall be no service of process in this case until further order.  Once Plaintiff has filed his supplement, the Court will conduct a preliminary review of his Complaint as required by 28 U.S.C. § 1915A.

SO ORDERED, this 18th day of September, 2013.

S/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE
