## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| BAYON DEJESUS HUDSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CASE NO. 5:13-CV-343-MTT-MSH |
| | : | |
| CAPTAIN KEVIN DAVIS, et al. | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## REPORT AND RECOMMENDATION

Presently pending before the Court is Defendants' motion to dismiss (ECF No. 13) claiming, *inter alia*, that Plaintiff failed to exhaust his administrative remedies prior to filing the instant suit.  Plaintiff responded to Defendants' motion but does not argue against the legal conclusions therein.  Because the Court agrees that Plaintiff's Complaint should now be dismissed for failure to exhaust, the Court declines to address Defendants' additional arguments.   For the reasons explained below, it is recommended that Defendants' motion be granted.

### BACKGROUND

Plaintiff complains about the confiscation and subsequent misplacement or theft of his personal property when he was processed into Macon State Prison (MSP) in July 2012.  (Supp. to Compl. 2, ECF No. 7.)  According to Plaintiff, the intake officers who inventoried his property confiscated it because the other inmate being processed along with Plaintiff had refused to admit ownership of a cell phone charger.  *Id*.  In the weeks

and months after the property was confiscated, Plaintiff alleges that he repeatedly requested his property from Defendant Davis, who told Plaintiff that he would help him get it back.  (Compl. 4, ECF No. 1.)  Finally, after almost a full year, Plaintiff decided that his property was probably stolen or lost and filed a grievance.  *Id*.  Plaintiff's grievance and appeal were denied as untimely.  (Defs.' Mot. to Dismiss Ex. A, Walker Aff. at 6, Dec. 4, 2013, ECF No. 13-2.)

Defendants now move to dismiss the complaint claiming that Plaintiff failed to exhaust his administrative remedies.[1]  Plaintiff's filed response does not address the merits of Defendants' motion, but instead reiterates his assertion that the confiscation of his property was illegal and unconstitutional.  (*See* Pl.'s Resp. to Mot. to Dismiss, ECF No. 19.)  This motion is therefore ripe for review.

## DISCUSSION

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.  "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit."  *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir.

---

[1]   The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss.  *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]").  Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings.  *Id.* at 1376.

2005) (internal quotation marks and citation omitted).  Furthermore, the Eleventh Circuit has held that in order to properly exhaust the grievance procedure, the prisoner must "timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures before filing a federal claim."  *Id.* at 1159.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process."  *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).  "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true."  *Id.*  If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed.  *Id.*  "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion."  *Id.*  The defendant bears the burden of proof during this second step.  *Id.*

This case can be resolved at step one of this inquiry.  Defendants have presented evidence that MSP has a grievance procedure which follows the Georgia Department of Corrections Standard Operating Procedure ("SOP") on grievances.  (*See* Walker Aff. ¶¶ 6-10.)  Exhaustion of the administrative procedure requires three steps: filing of an informal grievance, filing a formal grievance, and filing an appeal.  (*Id*.)  An informal grievance must be submitted no later than ten calendar days from the date that the inmate knew, or should have known, of the facts giving rise to the grievance, unless good cause is shown to excuse the time period for filing.  (*Id*. at ¶8.)  This process is described in the SOP available to all inmates.  (SOP at VI(F)(5), ECF No. 13-4.)

3

Defendants have also shown, through Plaintiff's grievance history as well as an affidavit from the Grievance Coordinator at MSP, Eddie Walker, that Plaintiff filed no grievance covering this issue until nearly one year after the alleged confiscation took place.  (Walker Aff. at ¶ 16.)  At that point, his grievance was deemed untimely and rejected, as was his appeal.  (*Id*. at ¶ 17.)  Plaintiff's own filings also state that his grievance was denied.  (Supp. to Compl. 2.)  Plaintiff's only explanation for the filing delay is that one of the officers involved in his initial processing at MSP told him that he would help get his property back.  (Compl. 4.)  This does not justify waiting a full year to file a grievance, or excuse Plaintiff from completing the grievance procedure as required.  Therefore, as Plaintiff does not dispute that he failed to timely file his grievance, the facts presented clearly show that he has failed to exhaust his administrative remedies.  Defendants' motion should be granted.

## CONCLUSION

WHEREFORE, for the reasons explained above, it is hereby RECOMMENDED that Defendant's Motion to dismiss (ECF No. 13) be GRANTED and Plaintiff's Complaint be dismissed without prejudice.  Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Judge within FOURTEEN (14) DAYS after being served with a copy hereof.

SO ORDERED, this 5th day of June, 2014.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

4